IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALJAWON DAWAYNE MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:18-CV-909-WHA-CSC |
| ) | [WO] |
| ) | |
| OFFICER DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.  INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is before the Court on a 42 U.S.C. § 1983 action filed by Aljawon Miles ["Miles"], a federal inmate at the time relevant to the Complaint. Miles challenges Defendants' failure to release him from the Russell County Jail after he posted bond on state charges in June of 2017.  Doc. 1 at 3–4.  He names as defendants Officer Meaghan Davis, Corporal Felton Brown, and Lt. Loetta Holland, officers at the Russell County Jail, and Rachel Lewis, a probation and parole officer with the Alabama Board of Pardons and Paroles.[2]  Miles seeks a declaratory judgment and monetary damages for the alleged violations of his constitutional rights.  Doc. 1 at 4–5.

---

[1]All documents and attendant page numbers cited herein are those assigned by the Clerk of this Court in the docketing process.

[2]Defendant Lewis is now Rachel Lewis Hopkins.  For purposes of this Recommendation, the Court will refer to this defendant as identified in the Complaint.

Defendants filed Answers, Written Reports, and relevant evidentiary materials addressing the claims presented by Miles. Docs. 14, 19.  In these filings, Defendants deny violating Miles' constitutional rights as asserted in the Complaint. Docs. 14, 19. The Court issued an Order directing Miles to file a response, supported by affidavits or statements made under penalty of perjury and other evidentiary materials, to the arguments set forth by Defendants in their reports. Doc. 20 at 3.  The Order specifically cautioned the parties that "<u>unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken</u> . . . the court may at any time [after expiration of the time for the plaintiff filing a response to the order] and <u>without further notice to the parties</u> (1) treat the special reports and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, and (2) after considering any response as allowed by this order, rule on such dispositive motion in accordance with the law." Doc. 20 at 3–4 (emphasis in original) (footnote omitted).

Miles filed a response, including a supporting sworn statement and document, on February 11, 2019 (Docs. 24, 24-1, & 24-2), but his response does not demonstrate there is any genuine dispute of material fact.  The Court deems it appropriate to treat Defendants' reports as motions for summary judgment and concludes the motions are due to be resolved in favor of Defendants.

## II.   STANDARD OR REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

2

genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

When Defendants meet their evidentiary burden, as they have, the burden shifts to Miles to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."); *see also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (holding that the court should consider facts pled in a plaintiff's sworn complaint

3

when considering summary judgment). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable factfinder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . ." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant, materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. At the summary judgment stage, this Court should accept as true "statements in [Plaintiff's] verified complaint, [any] sworn response to the [Defendants'] motion for summary judgment, and sworn affidavit attached to that response[.]" *Sears v. Roberts*, 2019 WL 1785355, *3 (11th Cir. April 24, 2019); *see also*

*United States v. Stein,* 881 F.3d 853 (11th Cir. 2018) (holding that a plaintiff's self-serving and uncorroborated, but not conclusory, statements in an affidavit or deposition may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"). However, general, blatantly contradicted and merely "[c]onclusory, uncorroborated allegations by a plaintiff in [his verified complaint or] an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (holding that conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the Court, a *pro se* litigant does not escape the burden of sufficiently establishing a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, a plaintiff's *pro se* status alone does not mandate this Court disregard elementary principles of production and proof in a civil case. Here, Miles fails to demonstrate a requisite genuine dispute of material fact to preclude summary judgment on his claims against Defendants. *See Matsushita*, 475 U.S. at 587.

### III.  IMMUNITY DEFEENSES

#### A.  Sovereign Immunity

To the extent Miles seeks monetary damages from Defendants in their official capacities, the jail defendants maintain that in operating the Russell County Jail they are state actors entitled to sovereign immunity.  Doc. 14 at 9–10, citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527  (1th Cir. 1990) ("hold[ing] that the sheriff's eleventh amendment immunity . . . extends to deputy sheriffs because of their traditional function under Alabama law as the sheriff's alter ego."); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1430–31 (11th Cir 1997) (holding that county jailers, like sheriffs and deputies, are entitled to Eleventh Amendment immunity for official capacity claims); *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288–89 11th Cir 1998)(holding that a sheriff and his deputies act as officers of the State when supervising inmates and otherwise operating county jails for purposes of imposing liability under § 1983).  Defendant Lewis also alleges that as an employee of the Alabama Board of Pardons and Paroles she is entitled to Eleventh Amendment immunity  Doc. 19 at 8.

Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted). Thus, a state official may not be sued in his official capacity unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).

In light of the foregoing, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity).

### B. Qualified Immunity

Defendants also raise the defense of qualified immunity to the claims lodged against

them in their individual capacities. Doc. 14 at 10–11; Doc. 19 at 9–10.[3] "The defense of qualified immunity completely protects government officials performing discretionary functions from suit [for damages] in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "The purpose of the qualified immunity defense is to protect[] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Youmans v. Gagnon*, 626 F.3d 557, 562 (11th Cir. 2010) (internal quotations and citations omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (citations and quotation marks omitted). "Unless a government agent's act is so obviously wrong, in light of the pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor is immune from suit." *Lassiter v. Ala. A&M University Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The Eleventh Circuit has determined that the law is "clearly established" for purposes of qualified immunity "only by decisions of the U. S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Bd. of Education*, 115 F.3d 821,

---

[3]Defendant Lewis also raises the defense of quasi-judicial immunity. Doc. 19 at 8–10. However, in light of the findings set forth herein, the undersigned finds it unnecessary to address the applicability of this particular defense.

8

826–27 n.4 (11th Cir. 1997). The Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Qualified immunity, however, is only an affirmative defense to a request for damages, the sole relief sought in this case; it has no impact on requests for declaratory or injunctive relief. *See Wood v. Strickland*, 420 U.S. 308, 315, n.6 (1975) ("Immunity from damages does not ordinarily bar equitable relief as well."), *overruled in part on other grounds by Harlow v. Alexander*, 457 U.S. 800 (1982); *American Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991) (holding that the defense of qualified immunity is limited to actions for monetary damages and does not serve as a defense to actions seeking equitable relief).

"To receive qualified immunity, the government official must first prove that he was acting within his discretionary authority." *Gonzalez*, 325 F.3d at 1234. In this case, it is clear "that the defendants were acting within their discretionary authority[]" as jail and parole officials at the time of the incidents at issue so "the burden shifts to [Miles] to show that qualified immunity is not appropriate." *Id*.; *see also Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). To meet this burden, Miles must prove both that "(1) the defendants violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir.2004); *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004) (same); *Youmans*, 626 F.3d at 562 (citation omitted) ("[O]nce a defendant raises the defense [of qualified immunity and demonstrates he was acting within his discretionary authority], the plaintiff bears the burden of establishing both that the defendant committed

a constitutional violation and that the law governing the circumstances was clearly established at the time of the violation."). This court is "free to consider these elements in either sequence and to decide the case on the basis of either element that is not demonstrated." *Id.*; *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010) (*citing Pearson*, 555 U.S. at 241–42) (holding that a court may analyze the elements "in whatever order is deemed most appropriate for the case.").

## IV. DISCUSSION

On May 11, 2017, Russell County law enforcement officials arrested Miles for violating the Alabama Sex Offender Registration and Community Notification Act (ASORCNA), Ala. Code § 15-20A-1, *et seq.*, and placed him in the Russell County Jail. Doc. 1 at 3. On May 12, 2017, the United States Marshal Service for the Middle District of Alabama issued a warrant for Miles' arrest for violating the conditions of his supervision and lodged a federal detainer against Miles for violating the conditions of his probation and/or supervised release. Doc. 14-9 at 2; *see also U.S. v. Miles,* Case No. 3:09-cr-132-WHA (M.D. Ala.) (Docs. 58, 59). A copy of the detainer was mailed to the Russell County Jail and informed jail officials that "[p]rior to [Miles'] release from your custody, please notify this office at once so that we may assume custody." Doc. 14-9 at 2. On May 15, 2017, Miles was charged with a state probation violation and a probation hold was placed on him. Doc. 14-1 at 3. On June 6, 2021, Defendant Lewis advised Defendant Davis to remove Russell County's probation hold on Miles. *Id.* That same day, a bail bond company called the Russell County Jail asking whether Miles' probation hold had been removed. *Id.* Defendant Davis confirmed the probation hold had been removed. *Id.* Prior to releasing

inmates on bond, however, procedure at the Russell County Jail requires jail staff to search the National Criminal Information Center's (NCIS) database to determine whether the individual being released on bond has any other holds. *Id.*; Doc. 14-11 at 2–3. Defendant Davis' search of the database revealed Miles had a federal hold placed on him. Doc. 14-1 at 3. Although Miles had made bond on the state charges, he remained incarcerated at the jail because of the federal detainer. *Id.* On June 13, 2017, Deputy United States Marshals obtained custody of Miles pursuant to the federal detainer and transported him to Montgomery, Alabama. *Id*.

Miles complains that Defendants failed to release him on June 6, 2017, after he posted bond on the state charges in violation of his constitutional rights and maintains their conduct amounted to "holding him against [his]will." Doc. 1 at 4. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants deny Miles' allegations of due process violations and assert they did not engage in any conduct violative of his constitutional rights. The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. Thus, to succeed on a due process claim, Miles must show he has an interest to which due process attaches. *See Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir. 2006) (internal quotation marks and citations omitted) (holding that "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."); *see generally Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Miles fails to demonstrate he had a liberty interest in being released from the county jail in light of issuance of the federal detainer. Although Miles made bond on his state charges, the federal detainer lodged against him on May 12, 2017, provided a valid basis for his continued confinement in the Russell County Jail after he posted bond on his state charges. The issuance of a federal detainer constitutes a proper basis for an inmate's continued custody and prevents his release on bond paid for separate state charges. *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir. 1971) (acknowledging that a "[f]ederal detainer alone" provides a valid basis to deny inmate's release from State confinement); *Davis v. Att'y General*, 425 F.2d 238, 240 (5th Cir. 1970) (observing state officials relied on federal detainer to deny inmate release on bail for state charges);

*Hegney v. Holder*, 177 F. App'x 901, 904 (11th Cir. 2006) (same).[4] Accordingly, Miles' challenge to Defendants' failure to release him on bond under the circumstances of this case is unavailing as he has failed to demonstrate a violation of any constitutional right to which he is entitled. Defendants are, therefore, entitled to qualified immunity.

**V. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (Docs. 14, 19) be GRANTED.

2. Judgment be GRANTED in favor of Defendants.

3. This case be DISMISSED with prejudice.

4. Other than the filing fee assessed to Plaintiff in this case, no other costs be taxed.

It is ORDERED that the parties may file objections to the Recommendation **by January 3, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made.

---

[4] To the extent Miles' claim regarding the failure to be released from state custody due to the pending federal detainer could be characterized as, *arguendo*, seeking credit on a federal or state sentence for the amount of time he was held in state custody after posting bail, the Court notes that allegations which attempt to challenge the validity or duration of confinement sound in habeas and are appropriately litigated through a habeas corpus petition, not a § 1983 complaint. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity or duration of their conviction or confinement); *see also Jackson v. Att'y General*, 447 F.2d 747, 749 (5th Cir. 1971) (explaining that petitioner "owed a debt to two sovereigns. Each had a right to exact its debt successively and independently of the other. The only question is which debt he started paying first. For every day he spent in jail because of either, the petitioner was and is entitled to credit from one sovereign or the other."); *U.S. v. Shillingford*, 586 F.2d 372, 375 n.6 (5th Cir. 1978) (noting that if a "state defendant is denied bail solely because of a federal detainer issued against him, the time spent in state custody awaiting trial must be credited to his federal sentence.").

Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 17th day of December 2021.

                                                      s/ Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE