IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALJAWON DAWYANE MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-909-WHA-CSC |
| | ) | |
| OFFICE DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On January 11, 2022, Plaintiff filed objections to the Recommendation of the Magistrate Judge entered on December 17, 2021. Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, when a magistrate judge issues a recommendation on a pretrial matter dispositive of a claim or defense, "[a] party may serve and file specific written objections to the proposed findings and recommendation" within 14 days after being served with a copy. When service is made by mail, *see* Fed. R. Civ. P. 5(b)(2)(C), three additional days are added. *See* Fed. R. Civ. P. 6(a).

Here, the Magistrate Judge's December 17, 2021, Recommendation informed Plaintiff that the deadline to file objections was January 3, 2022. Because Plaintiff's copy of the Recommendation was mailed to him, allowing three additional days for the filing of objections, the deadline for Plaintiff to file objections expired on January 6, 2022. Plaintiff, however, failed to file his objections within the time allowed by the

Federal Rules of Civil Procedure.[1] Therefore, the Court finds Plaintiff's objections untimely filed and they are due to be overruled on this ground.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's objections (Doc. 41) are OVERRULED as untimely under Rule 72(b)(2) of the Federal Rules of Civil Procedure.

2. The Recommendation of the Magistrate Judge (Doc. 40) is ADOPTED.

3. Defendants' motions for summary judgment (Docs. 14, 19) are GRANTED.

4. This case is DISMISSED with prejudice.

5. Other than the filing fee assessed to Plaintiff in this case, no costs are taxed.

Final Judgment will be entered separately.

Done, this 13th day of January, 2022.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] When Plaintiff filed the instant Complaint, he was a federal inmate imprisoned at the Jesup Federal Correctional Institution in Jesup, Georgia. Plaintiff was released from custody during the pendency of this case and is no longer serving a term of imprisonment. *See* Doc. 32. Therefore, the "mail box rule," which deems a pro se inmate's court document or other filing as having been filed the date it is delivered to prison officials for mailing—presumptively the day the document is signed (*see Houston v. Lack*, 487 U.S. 266, 271-272 (1988))— does not apply.